**FILED**
**Dec 05, 2022**
**10:57 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **LYNN FREEMAN,** | ) | **Docket No. 2022-06-0596** |
| **Employee,** | ) | |
| **v.** | ) | |
| **KIRBY PINES ESTATES,** | ) | **State File No. 58145-2021** |
| **Employer,** | ) | |
| **and** | ) | |
| **BRIDGEFIELD CASUALTY** | ) | **Judge Joshua Davis Baker** |
| **INSURANCE COMPANY,** | ) | |
| **Carrier.** | ) | |
| | ) | |

_____

## EXPEDITED HEARING ORDER
_____

In a November 7, 2022 expedited hearing, Ms. Freeman sought additional medical treatment recommended by Dr. Glenn Crosby, her authorized treating physician. Kirby Pines previously submitted the request for medical treatment, a lumbar fusion, to utilization review, where the request was denied and upheld on appeal by the medical director. Ms. Freeman asked the Court to review the evidence and order Kirby Pines to provide the treatment. Having reviewed the evidence, the Court denies her request.

### Claim History

The facts concerning Ms. Freeman's injury are not disputed. She hurt her back and right elbow in July 2021 while helping a coworker move a patient. Kirby Pines accepted the claim and provided conservative treatment including physical therapy, which failed.[1]

Afterward, Ms. Freeman saw Dr. John Lochemes, who diagnosed lumbar radiculopathy. He recommended a nerve block, lumbar brace, and prescribed gabapentin before referring her to Dr. John Brophy. After the referral to Dr. Brophy, Kirby Pines gave Ms. Freeman a panel of neurosurgeons, and she chose Dr. Crosby.

---

[1] Ms. Freeman had surgery on her right elbow, and treatment for her elbow is not disputed.

Dr. Crosby reviewed MRI films from an MRI Ms. Freeman had in 2020 and a report from an MRI after the accident. He found Ms. Freeman had a herniated disc before the accident that worsened after it. He sent her for another MRI. After comparing all three, Dr. Crosby found Ms. Freeman now had a ruptured lumbar disc that caused her back symptoms and radicular pain in her right leg. He recommended surgery, a transforaminal lumbar interbody fusion (TLIF), which requires replacing the damaged disc with a "spacer" and fusing the vertebrae together with screws and a titanium rod.

Kirby Pines sent the surgery recommendation to utilization review, and it was not certified as medically necessary. The utilization review physician, Dr. Maria Sumas, reviewed the files and imaging and found the TLIF not medically necessary. Dr. Sumas cited Official Disability Guidelines (ODG) and found they did not show substantial instability, which she defined as movement greater than 4.5 mm, in Ms. Freeman's lumbar spine to cause her radicular complaints. Because of the lack of instability, she recommended that Kirby Pines not certify the surgery. Ms. Freeman appealed Dr. Sumas' decision to the Bureau's medical director, who upheld it.

Kirby Pines next sent Ms. Freeman to Dr. Samuel Murrell for an employer's examination, and he also agreed the TLIF was not medically necessary. He diagnosed Ms. Freeman with lumbar disc degeneration and said the guidelines do not recommend the TLIF procedure for lumbar disc degeneration. He also said Ms. Freeman's radiculopathy appeared to have resolved in her later visits to Dr. Crosby, which would also advise against the TLIF.

When asked about ODG guidelines in at his deposition, Dr. Crosby dismissed them out of hand. He said that instability in Ms. Freeman's spine, which Drs. Sumas and Murrell did not find, made the TLIF the best option. In closing arguments, however, Ms. Freeman's counsel said that the instability would likely have shown if she had been standing rather than lying down for her MRIs but admitted the MRIs were not taken that way.

For her part, Ms. Freeman testified that she continues to have back pain despite conservative treatment and just wants to get better. She also said Dr. Murrell mentioned another possible procedure instead of the TLIF.

**Findings of Fact and Conclusions of Law**

Ms. Freeman must present sufficient evidence she would prevail at a final hearing to receive benefits here. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2022); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Ms. Freeman testified credibly, and the Court believes she needs additional, reasonable, and medically necessary treatment for her back. The only question here is whether the treatment recommended by Dr. Crosby is reasonable and medically necessary.

In answering this question, the Court must begin with the presumption that the TLIF procedure recommended by Dr. Crosby is reasonable and necessary and that Kirby Pines must pay for it. *See* Tenn. Code Ann. § 50-6-204(a)(3)(H) and (a)(1)(A). However, this presumption is rebuttable, and the Court holds Kirby Pines rebutted the presumption with the opinions from Drs. Murrell and Sumas.

When a Court receives competing testimony from physicians, it must determine which testimony to accept based on a variety of factors, including the qualifications of the physicians, the circumstances of their examination, the information available to each physician, and the importance of that information in the view of other experts. *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). However, the Court does not have to engage in a detailed analysis of each factor to determine which physician's opinion to accredit. *Smith v. Galloway Const., LLC,* 2019 TN Wrk. Comp. App. Bd. LEXIS 70, at *12 (Oct. 28, 2019).

Dr. Crosby saw Ms. Freeman more times than Dr. Murrell—who saw her only once—and Dr. Sumas never saw her. This alone should give the advantage to the Dr. Crosby when accrediting testimony. *See Bass v. The Home Depot U.S.A., Inc.,* 2017 TN Wrk. Comp. App. Bd LEXIS 36, at *9 (May 26, 2017). However, it was the manner in which Drs. Murrell and Sumas gave their opinions and the evidence they relied on in doing it that sways this Court's decision.

Dr. Crosby recommended the TLIF, by all reasonable accounts an invasive procedure, based on the patient's history and his opinion that her spine was unstable. He also did not recognize that her radiculopathy improved over time. Under the guidelines the resolution of her radicular complaints, as recognized by Dr. Murrell in his review of the medical records, and the lack of significant spinal instability present in the MRIs, as noted by Dr. Sumas, ruled out the TLIF procedure.

While the ODG guidelines do not bind this Court, the guidelines can be, as they were here, persuasive in assisting a judge who has no medical training. In fact, the Court found Dr. Murrell's explanation in light of the guidelines and Dr. Sumas's report summarizing the applicable guidelines and applying them to Ms. Freeman's case much more persuasive that Dr. Crosby's testimony, where he essentially refused to acknowledge them. For this reason, the Court holds Kirby Pines rebutted the presumption of reasonable medical necessity given to Dr. Crosby's recommendation for the TLIF procedure.

**IT IS ORDERED** as follows:

1. Ms. Freeman's request that the Court order Kirby Pines to provide the TLIF procedure is denied.

2. The Court sets these claims for **a status conference on February 6, 2023, at 9:00 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED December 5, 2022.**

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

Exhibits:

1. Ms. Freeman's Rule 72 declaration
2. Deposition Transcript of Dr. Glenn Crosby
3. Deposition Transcript of Dr. Samuel Murrell
4. Medical Records
5. Panel Selecting Dr. Crosby

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Order Transferring Case to Judge Joshua D. Baker
5. Employer's Witness and Exhibit List
6. Employer's Pre-Hearing Statement
7. Employee's Pre-Hearing Statement

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on December 5, 2022.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Monica Rejaei, Employee's Attorney | | | X | mrejaei@nstlaw.com |
| Katherine Boyte, Employer's Attorney | | | X | kitty.boyte@petersonwhite.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*